## KESSLER v. BUICK MOTOR CO.
### No. 1030.

District Court, S. D. Florida.
June 8, 1932.

Macfarlane, Pettingill, Macfarlane & Fowler, of Tampa, Fla., for plaintiff.

Knight, Thompson & Turner, of Tampa, Fla., for defendant.

AKERMAN, District Judge.

Complainant is the owner of letters patent No. 1,336,237 applied for April 18, 1918, and granted April 6, 1920, for an engine valve attachment and sues the defendant alleging that the defendant, by the use of springs on the engines of its cars as now manufactured, infringes claims 1 and 2 of his patent.

No interlocutory injunction was applied for or granted and the evidence having all been taken either by deposition or orally the case is now before the court for final hearing.

The evidence discloses that in the latter part of May, 1916, complainant was a mechanic employed at Tampa in the repair garage of Joe B. Johnson, the local Buick dealer at Tampa at that time. The Buick engine in use at that time was a valve-in-the-head type of internal combustion engine. On the top of the engine block were two shafts, on each of which shafts operated four rocker arms. At one end of these rocker arms they contacted with push rods and at the other end with the valve stem. These rocker arms were held in place on the shaft by washers and cotter keys, and the complainant testified that as the machinery became old these rocker arms became loose on the shaft which caused a great deal of slapping or side play and not only increased the noise of the engine, but interfered with the proper operation of the valve stems and that he conceived the idea of using a small coil spring with hooks at each end to hook over the rocker arm and that the tension of these coil springs would do away with the slapping or side play of the rocker

330

arms; that he manufactured a set of these springs, first using them only on one end of the rocker arms, which is in accordance with the drawing in the letters patent; that later, after experimenting, he placed one of these springs at each end of each set of the rocker arms, thus holding them up snugly to the separating shoulder. He testified that he showed these springs to numerous persons and actually manufactured the same and sold quite a large quantity and later he applied for and received his patent. He claims that the coil springs placed on the shaft of defendant's engines, as now manufactured, between the rocker arm is an infringement on his patent.

I doubt very seriously that any such inventive genius is displayed in this device as would entitle the complainant to letters patent, but this question is not raised by pleadings nor argued before me and I refrain from passing on the same.

It is argued that the complainant by his letters patent did not disclose the best method of the use of his patent in that his drawings only show the springs on one end of the rocker arms, while he testifies that before he applied for letters patent he had found that the best operation was on both ends of the rocker arms which rendered his patent invalid, but I do not find it necessary to decide this question.

It is also argued that it appearing from the testimony of the complainant that he knew as far back as 1921 that the defendant was using these springs and failed to interpose any objection or make any claims against the defendant is barred by laches, but I do not deem it necessary to determine this question.

The more serious question, and one that in my opinion settles the case, is that the use of springs holding rocker arms in place identical in plans with the method in which they are used by the defendant was well known to the art long prior to the time complainant testifies he conceived the idea of his invention. The testimony is conclusive that springs for all practical purposes identical with defendant's springs were used on the Mason engine, the Sterling engine, the Overland engine, and the Teetor-Hartley engine long prior to complainant's discovery and cuts of the same were published in publications relating to the art at the time of such use and for which reason complainant's patent was anticipated and therefore invalid.

It is also contended by the defendant that complainant's patent was anticipated by the British Horstnan patent which is perhaps correct, but in view of the clear and convincing testimony that springs holding rocker arms in place as used by the defendant were well known in the art both by use and also by publication long prior to complainant's conception of his invention, I prefer to rest decision entirely on that ground.

Defendant's counsel are requested to prepare findings of fact and conclusions of law and a final decree dismissing the bill in accordance with the views herein expressed.